# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN JOHN CRAIG,

    Petitioner,

v.

JOHN D'AGOSTINO,

    Respondent.

No. 2:18-CV-3135-JAM-DMC-P

FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (ECF No. 1).

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner states four grounds for relief: (1) he is the victim of the Department of Defense's remote neuro-monitoring invention with electronic aided telepathic communication and memory scan devices; (2) false arrest torture, false reporting of crime, coerced alleged victims to suborn perjury, and illegal detention; (3) sentenced for a crime he was not convicted of, (4) wrongful arrest of a separate charge he was acquitted of. Each ground for relief identified in the petition is either frivolous or unexhausted.

Each ground for relief is discussed below.

Ground One: Petitioner's claim that he is a victim of the Department of Defense's remote neuro-monitoring invention with electronic aided telepathic communication and memory scan devices is unsupported by any evidence or reliable declarations. There is no indication from the record that the Department of Defense has such a telepathic device or that it was used on Petitioner. This ground stretches the imagination and is fantastic in nature. This Court concludes such an outlandish claim, without supporting evidence, is frivolous.

Grounds two, three, and four: As outlined above, Petitioner raises three additional grounds related to his confinement. Petitioner admits, on the face of the petition, that grounds two, three, and four are unexhausted. Specifically, the petition reflects that grounds two, three, and four were not presented in all appeals available to Petitioner. This admission demonstrates plainly that grounds two, three, and four are unexhausted and thus cannot proceed in federal habeas.

Additionally, even if ground one was not frivolous and grounds two, three, and four were not unexhausted, it is unclear if any of the four grounds identified relate to his current pretrial detention. Thus, because it plainly appears from the face of the petition that Petitioner is not entitled to relief in the district court, the petition cannot proceed.

Based on the foregoing, the undersigned recommends that Petitioner's petition for a writ of habeas corpus (ECF No. 1) be summarily dismissed.

///
///
///
///
///
///
///
///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE